1  SARIT SIMHAYOFF-COHEN (SBN 231555)
   ATTORNEY AT LAW
2  36 COTTONWOOD DRIVE
   SAN RAFAEL, CA 94901
3  Telephone 415-407-4197
   Email:saritsimayof@gmail.com
4

5  Attorney for Defendants Menahem Shalit (AKA Manor Shalit), Yosef Weintraub, Aharon
   Weintraub, Joe & The Lock Inc., a California Corporation, King Key Locksmith San Francisco,
6  Inc., Lockstar Locksmith San Francisco Inc.

7                    UNITED STATES DISTRICT COURT
8                 NORTHERN DISTRICT OF CALIFORNIA
                          SAN FRANCISCO
9

10  LOCKSMITH EMERGENCY SOLUTIONS  )  Case No.: 3:20-CV-01518-LB
    INC. et. al                    )
11                                 )
            Plaintiffs,            )  **NOTICE OF MOTION AND MOTION TO**
12      vs.                        )  **DISMISS PLAINTIFFS' COMPLAINT**
                                   )  **PURSUANT TO RULES 12(b)(1) AND**
13  MENAHEM SHALIT et. al.         )  **12(b)(6) OF THE FEDERAL RULES OF**
                                   )  **CIVIL PROCEDURE**
14          Defendants            )
                                   )
15                                 )  Date: May 14th, 2020
                                   )  Time: 9:30AM
16                                 )  Dept: Courtroom B, 15th Floor
                                   )  Judge: Hon. Judge Laurel Beeler
17                                 )
                                   )
18                                 )
                                   )
19
    TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF
20  RECORD:

21      PLEASE TAKE NOTICE THAT on Thursday, May 14th, 2020 at 9:30am, or as soon after

22  as the matter may be heard before Honorable Judge Laurel Beeler, in Courtroom B, 15th Floor of

23
    the above-entitled Court located at 450 Golden Gate Ave, San Francisco CA Defendants,
24
    Menahem Shalit (AKA Manor Shalit), Yosef Weintraub, Aharon Weintraub, Joe & The Lock Inc.,
25
26  a California Corporation, King Key Locksmith San Francisco, Inc. and Lockstar Locksmith San

27  Francisco Inc., collectively referred to in here as "Defendants" will  and hereby move the court to

28

                                    -1-

dismiss the Plaintiffs' complaint without leave to amend pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This motion to dismiss is made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and Federal Rule of Civil Procedure 9(b) on the grounds that this court does not have subject matter jurisdiction, all of the causes of action of the complaint do not state facts sufficient to constitute causes of action against Defendants, the causes of action are ambiguous and uncertain and that the cause of action for Fraud is not pled with specificity as required by Federal Rules of Civil Procedure 9(b). The motion to dismiss is based upon this Notice, the supporting Memorandum of Points and Authorities filed concurrently herewith, the complete files and records in this action, declarations and exhibits, the oral argument of counsel, if any, and such other and further evidence the Court might deem proper.

Respectfully Submitted,

DATED: April 6th, 2020

By: _____,
Sarit Simhayoff-Cohen
Attorney for Defendants

## STETEMENT OF ISSUES TO BE DECIDED

1. Do Plaintiffs have a cause of action for Trademark Infringement?

2. Does this court have subject matter jurisdiction?

3. Have Plaintiffs failed to state a claim for breach of contract?

4. Have Plaintiffs failed to state a claim for Fraud?

5. Have Plaintiffs failed to state a claim for Unjust Enrichment?

6. Have Plaintiffs failed to state a claim for Negligence?

7. Have Plaintiffs failed to state a claim for breach of implied covenant of Good Faith and Fair Dealings?

-2-

8.  Have Plaintiffs failed to state a claim for False Promise?

9.  Have Plaintiffs failed to state a claim for Intentional Infliction of Emotional Distress?

10. Have Plaintiffs failed to state a claim for Trademark Infringement and Unfair Competition?

11. Have Plaintiffs failed to state a claim for Inducing breach of contract?

1  SARIT SIMHAYOFF-COHEN (SBN 231555)
   ATTORNEY AT LAW
2  36 COTTONWOOD DRIVE
   SAN RAFAEL, CA 94901
3  Telephone 415-407-4197
   Email:saritsimayof@gmail.com
4
5  Attorney for Defendants Menahem Shalit (AKA Manor Shalit), Yosef Weintraub, Aharon
   Weintraub, Joe & The Lock Inc., a California Corporation, King Key Locksmith San Francisco,
6  Inc., Lockstar Locksmith San Francisco Inc.

7              UNITED STATES DISTRICT COURT
8             NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO
9
10 LOCKSMITH EMERGENCY SOLUTIONS  )  Case No.: 3:20-CV-01518-LB
   INC. et. al                    )
11                                 )
           Plaintiffs,             )  NOTICE OF MOTION AND MOTION TO
12      vs.                        )  DISMISS PLAINTIFFS' COMPLAINT
                                   )  PURSUANT TO RULES 12(b)(1) AND
13 MENAHEM SHALIT et. al.          )  12(b)(6) OF THE FEDERAL RULES OF
                                   )  CIVIL PROCEDURE
14         Defendants             )
                                   )  Date: May 14th, 2020
15                                 )  Time: 9:30AM
16                                 )  Dept: Courtroom B, 15th Floor
                                   )  Judge: Hon. Judge Laurel Beeler
17                                 )
18                                 )
                                   )
19

20

21

22

23

24

25

26

27

28

                              -1-

1

## **TABLE OF CONTENTS**

2

3

TABLE OF AUTHORITIES ………………………………………………………….......4

4

MEMORANDUM OF POINTS AND AUTHORITIES………………………………………...6

5

I. INTRODUCTION…………………………………………………………………………….6

6

7

II.    LEGAL STANDARD……………………………………………………………………….7

8

III.    ARGUMENT…………………………………………………………………………………..8

9

A. This Court lacks subject matter Jurisdiction to hear this case pursuant to Federal

10

Rules of Civil Procedures 12(b)(1) ………………………………...............................8

11

a. No Federal question of law……………………………………….……………….9

12

b. There is no Diversity of Citizenship ……………………………………..…12

13

14

B. Plaintiffs failed to state facts to support their causes of action pursuant to Rule

15

12(b)(6)………………………………………………… …………………………..……..13

16

1. Plaintiff failed to plead facts that give raise to a cause of action for breach of

17

contract……………………………………………………………………….…....13

18

2.  Plaintiff failed to plead facts that give raise to a cause of action for Fraud……...…15

19

3.  Plaintiff Failed to plead facts that give raise to a cause of action for unjust

20

enrichment…………………………………………………………………………15

21

4.  Plaintiff failed to plead facts that give raise to a cause of action for Negligence…15

22

23

5.  Plaintiff failed to plead facts that give raise to a cause of action for breach of the

24

covenant of good faith and fair dealings…………………………………………..16

25

6.  Plaintiff failed to plead facts that give raise to a cause of action for False

26

Promise……………………………………………………………………………16

27

28

-2-

1

7.  Plaintiff failed to plead facts that give raise to a cause of action for Infliction of

2

Emotional Distress………………………………………………………………………17

3

8.  Plaintiff failed to plead facts for Trademark Infringement and Unfair

4

Competition……………………………………………………………………………..18

5

9.  Plaintiff failed to plead facts that give raise to a cause of action for Trade secret

6

misappropriation/ Infringement…………………………………………………...…..18

7

10. Plaintiff failed to plead facts that give raise to a cause of action for Interference

8

with contractual relationships ..................................................................................19

9

IV.  CONCLUSION……………………………………………………………………………..20

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

1

TABLE OF AUTHORITIES

2

3  Grondal v. United States, 2012 U.S. Dist. LEXIS 19398, at *11-13 ………………………………7

4  Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000…………...............7

5  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)……………………………………7

6  Padilla v. Yoo, 678 F.3d 748, 757 (9th Cir. 2012). …………………………………………………..7

7  Associated Gen'l Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998)……….7

8  Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008)………………………………...8

9

10  Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006)……………………………………………8

11  Vess v. Ciba-Geigy Corp., 317 F.3rd1097, 1106 (9thCir. 2003). …………………………………..8

12  Bassett v. Ruggles, No. CV-F-09-528, 2009 U.S. Dist. LEXIS 83349, at * 62 (E.D. Cal., Sept. 14,

13  2009) …………………………………………………………………………………………………8

14  Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008)………......8

15  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000))……………………………………………..8,9

16  Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001)………………………………………..8

17

18  Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009)………………9

19  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007)…...9,13,15,17,18,19

20  George & Co. v. Imagination Entm't Ltd., 575 F.3d 383, 393-94 (4th Cir. 2009)……………..…10

21  Frehling Enter., Inc. v. Int'l Select Grp., Inc., 192 F.3d 1330, 1335 (11th Cir. 1999) ……………11

22  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)……………………………....12

23  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)……………………………12

24  Lazar v Superior Court, 12 Cal. 4th 631, 645………………………………………………….15, 17

25  Vavoni v. Western Airlines, 247 CA2d 793 (1967)………………………………………...16, 17, 18, 19

26  Melikian v. Truck Ins. Exchange, 133 CA2d 113, 115 (1955)………………………..16, 17, 18, 19

27

28  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)…………………………………..9

-4-

1  Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 952 (9th Cir. 2004)................................9

2  Wis. Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998).......................................12

3  FEDERAL STATUTES

4  Federal Rule of Civil Procedure 12(b)(1) .......................................................................7, 8

5
6  FED. R. CIV. P. 12(b)(6). ..........................................................................................7, 9, 11

7  Federal Rule of Civil Procedure 9(b).......................................................................8, 15, 17

8  Lanham Act, 15 U.S.C. § 1114(1)..................................................................................10

9  Section 33(4)(b) of the Lanham act..............................................................................11

10  28 U.S.C. § 1332.......................................................................................................12

11  STATE STATUTES

12  California Code of Civil Procedure §339........................................................................14

13
14  Cal.Civ. Code 1624...................................................................................................14

15  California Business and Professional Code §16600............................................................14

16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On or about March 2nd, 2020 Plaintiffs filed suit against eight defendants in this Northern District Court. On or about March 15th of 2020 Defendant Menham Shalit ("Shalit") was served with the complaint. It is almost impossible to ascertain from the complaint what Plaintiffs' are suing for. The complaint rumbles pointlessly alleging confusing facts that by law cannot support any cause of action. The only possible explanation for such chaotic pleadings is that it was probably done to distract this court from realizing that Plaintiffs simply do not have any viable causes of action.

Page 1 through page 18 of the complaint is a list of alleged confusing facts, some of which make no sense, making it unclear how these facts are related to the different causes of action, which defendant is being sued and for what, and which of the different set of facts give raise to each of the different causes of action.

The complaint rumbles on and on about an alleged oral contract that even if existed, by law cannot be enforced. The complaint alleges a possible trademark, however on the face of the complaint there is no similarity between the names of the Corporate Defendants and Plaintiffs' business name, therefore by law there is no viable claim for trademark infringement.

This complaint is so unintelligently written that Defendants cannot possibly figure out which facts give raise to which cause of action, which Defendant is being sued under which cause of action and how does this court have subject matter jurisdiction. It appears that Plaintiffs simply are using the judicial system for a shakedown, trying to force their competitors to close shop.

Since Plaintiffs' trademark claim fails as a matter of law. This court does not have subject matter jurisdiction and since Plaintiffs are citizens of the state of California and the Defendants are

-6-

citizens of the state of California, there is no diversity of citizenship and therefore this court does not have jurisdiction.

Moreover, even if this court does have subject matter jurisdiction, it is clear to anyone that reads this complaint that Plaintiffs have no possibility as a matter of law to succeed on their claims as Plaintiffs simply have failed to state facts to support any cause of action. Plaintiffs do not have any viable claim.

Defendants are therefore respectfully requesting that this court dismiss this complaint pursuant to F.R.C.P 12(b)(1) and 12(b)(6) without leave to amend.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack). Grondal v. United States, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.). For a facial attack, all allegations are accepted as true. Id. For a factual attack, evidence outside the pleadings needed to resolve factual disputes as to jurisdiction may be considered. Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). Plaintiffs have the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

Rule 12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). For a 12(b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." Padilla v. Yoo, 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. Associated Gen'l Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if

-7-

true, will prove [the claim]," Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006).

Plaintiffs are unable to establish this Court's jurisdiction over this case and have failed to advance a claim upon which a relief can be granted. Therefore, Defendants' Motion to Dismiss should be granted and Plaintiffs' claims dismissed without leave to amend.

Moreover, according to Federal Rule of Civil Procedure 9(b) the standard for pleading fraud is well settled -- a plaintiff must allege the "who, what, where, when, and how" of the fraudulent conduct. *Vess v. Ciba-Geigy Corp.,* 317 F.3rd1097, 1106 (9thCir. 2003). Fraud allegations must state "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Bassett v. Ruggles,* No. CV-F-09-528, 2009 U.S. Dist. LEXIS 83349, at * 62 (E.D. Cal., Sept. 14, 2009) citing *Schreiber Distrib. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986). A requirement that Plaintiff's pleadings is absent of. In fact, Plaintiff's Fraud claim is completely absent of any detail and instead only outlines general allegations.

## III. ARGUMENT

## A. **Plaintiffs' complaint must be dismissed pursuant to 12(b)1 because this court does not have subject matter jurisdiction**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the plaintiff's burden to establish the existence of subject matter jurisdiction. Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008). A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. (White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). In evaluating a facial challenge to subject matter

1  jurisdiction, the court accepts the factual allegations in the complaint as true. Miranda v. Reno, 238

2  F.3d 1156, 1157 n.1 (9th Cir. 2001). Where a defendant brings a factual challenge, on the other

3  hand, "a court may look beyond the complaint to matters of public record without having to

4  convert the motion into one for summary judgment." (White, 227 F.3d at 1242 (citation omitted)).

5
6  Once the moving party has made a factual challenge by offering affidavits or other evidence to

7  dispute the allegations in the complaint, the party opposing the motion must "present affidavits or

8  any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses

9  subject matter jurisdiction." Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th

10  Cir. 2009) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).

11  **1. The Complaint does not raise a Federal Law Question**

12
13  A federal court lacks jurisdiction over a claim involving federal law "…when the claim is 'so

14  insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely

15  devoid of merit as to not involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't,

16  523 U.S. 83, 89 (1998). When a claim does not present a substantial question of federal law the

17  court may dismiss the case for lack of subject matter jurisdiction. See Peabody Coal Co. v. Navajo

18  Nation, 373 F.3d 945, 952 (9th Cir. 2004) holding that district court "correctly dismissed th[e] case

19  for lack of subject matter jurisdiction because [the] complaint did not present a substantial question

20  of federal law"

21
22  On page 21-22 of the complaint paragraph ¶¶116-122, Plaintiffs plead their trademark cause of

23  action trying to bring this case under the jurisdiction of this court. However, Plaintiffs' trademark

24  infringement cause of action is void of any facts to support this cause of action. This court should

25  dismiss Plaintiffs' cause of action for trademark infringement pursuant to Federal Rule 12(b)(6).

26  Plaintiffs cause of action is void of any facts, it is conclusory and only recites the elements of the

27  cause of action. Plaintiff is obligated to provide "more than labels and conclusions, and a

28

-9-

formulaic recitation of the elements of a cause of action will not do." See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

In fact, throughout the entire complaint there is no allegation that Plaintiffs' own a Federal Trademark, what is the mark, when was the mark registered, what are the disclosures of the mark, how was it used, which Defendant infringe it and how did the Defendants infringe it.

Moreover, to prevail on a claim of trademark infringement the alleged mark must be strong, it must have been used in commerce for a long time, it must be distinctive. "In order to be protectable, marks must be "distinctive." To determine whether a proposed mark is protectable, courts ascertain the strength of the mark by placing it into one of four categories of distinctiveness, in ascending order: (1) generic, 177*177 (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful. *George & Co. v. Imagination Entm't Ltd.,* 575 F.3d 383, 393-94 (4th Cir. 2009). Marks falling into the latter two categories are deemed inherently distinctive and are entitled to protection because their intrinsic nature serves to identify the particular source of a product. In contrast, descriptive terms may be distinctive only upon certain showings, and generic terms are never distinctive."

In this case Plaintiffs' business name is "Auto Locksmith San Francisco", it is generic and descriptive, it is not distinctive. Moreover, Defendants have not used Plaintiffs' name for their business name, in absolute contrast Defendants have used the name "King Key" and the name "Lockstar" for their businesses. There are no similarities between these names and Plaintiffs name. Therefore, Plaintiffs trademark claim is without any merit. It is so implausible that a federal law question does not exist.

-10-

1
2
3
4
5

"Under the Lanham Act, 15 U.S.C. § 1114(1), a defendant is liable for trademark infringement if the plaintiff shows (1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion. *Frehling Enter., Inc. v. Int'l Select Grp., Inc.,* 192 F.3d 1330, 1335 (11th Cir. 1999)."

6
7
8
9
10
11
12
13
14

On the face of the complaint there cannot possibly be a trademark violation as the names of the Defendants' companies are different than Plaintiffs' business name. There is no similarity between "King Key" and "Auto" and no similarity between "Lockstar" and "Auto". Moreover, the complaint alleges that Auto Locksmith specializes in a niche within the Locksmith industry namely, car locks, (pg. 10 ¶39 line 16-18) while Defendants are locksmith companies offering variety of locksmith services, including but not limited to, home lockout services, safe opening, mailbox installation and lockout, residential home rekeying etc (Dec. Shalit pg 3¶11 exhibits, Dec. Aharon pg.  3 ¶9)

15
16
17
18

King Key Locksmith logo and Lockstar Locksmith logos are different than Plaintiffs' logo. King Key Locksmith website and Lockstar Locksmith website are different than Auto Locksmith website. There is simply no possibility of confusion. (Dec. Shalit pg. 2 ¶¶5-10, exhibits, Dec. Aharon pg. 2¶¶ 4-8, exhibits)

19
20
21
22
23
24

Even if this court decides that Plaintiffs have a trademark, and that Defendants business name is similar to Plaintiffs business name, Plaintiffs' trademark is not protectable as it is descriptive and generic and Plaintiffs' cannot possibly overcome the defenses of section 33(4)(b) of the Lanham act; the "classic fair use" and "nominative fair use." (Dec. Shalit pg 2 ¶¶6-7, Exhibits, Dec. Aharon pg. 2 ¶¶5-6)

25
26
27
28

Therefore, since Plaintiffs' fail to plead a cause of action for trademark infringement pursuant to FRCP 12(b)(6) and since Plaintiffs' trademark claim is without merit, there is no Federal question that is raised in this complaint.

-11-

1

There is also no diversity of citizenship.

2

## 2. This court does not have Jurisdiction pursuant to 28 U.S. Code §1332 because there is

3

## no diversity of citizenship

4

5

6

7

8

Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

9

10

11

12

13

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." Wis. Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998).

14

15

16

17

18

19

20

21

22

It appears that counsel is trying to claim subject matter jurisdiction by claiming that there is diversity of citizenship. However, all the Defendants are citizens of the state of California. Moreover, Counsel fails to understand that for diversity to exist there must be a complete diversity i.e. no Plaintiff can be a citizen of any state as any of the Defendants. In this case, on the face of the complaint all the corporate defendants are citizens of the state of California the same as Plaintiffs (pg. 3 of Plaintiffs complaint ¶4). Also, as per the complaint,  individual defendant Yosef Weintraub and individual Defendant Aharon Weintraub are also citizens of the state of California, same as Plaintiff. Therefore, diversity of citizenship simply does not exist in this case.

23

## B. Plaintiff's complaint Failed to Plead facts that give raise to any of its causes of action

24

25

26

27

28

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a

-12-

1  valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint

2  must "contain either direct or inferential allegations respecting all the material elements necessary

3  to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544,

4
5  562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

6  The factual allegations must be definite enough to "raise a right to relief above the speculative

7  level." *Id.* at 555.

8    The plaintiff is obligated to provide "more than labels and conclusions, and a formulaic

9  recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __

10  U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a

11  motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual

12  allegation")).

13
14    In this case, all of Plaintiffs causes of action are bare of any facts to support the claim. They

15  are merely labels and conclusions and a formulation of the elements of a cause of action.

16    **1. Plaintiff failed to plead facts that give raise to a cause of action for breach of**

17    **contract**

18    Plaintiffs' cause of action for breach of contract is outlined on page 18 ¶79 through ¶85 of

19  Plaintiffs' complaint. This cause of action is void of any facts that give raise to this cause of action.

20
21  Plaintiffs make general empty allegations that are too general to state a cause of action. The

22  contract is not identified, the terms of the contract are not identified, which Defendant breached

23  the contract and how did the Defendants breached the contract.

24    Moreover, even if this court somehow can ascertain which contract this complaint tries to

25  enforce from the general facts that were stated in the complaint, still it appears that as a matter of

26  law this cause of action cannot survive.

27
28

From the rumbling that goes on in the first Eighteen pages of the complaint, it appears that the contract that is alleged is an oral contract and that as of December of 2017 defendants supposedly breached that oral contract.

The complaint in the general facts on pg. 12 ¶44 line 1 alleges that "Manor did not make the payments to Amar as agreed of the 50% of the profit arising out of the ownership" and that Manor never made these payments. This breach therefore occurred as of December of 2017, when no payments were made. The statute of limitation on an oral contract according to California Code of Civil Procedure §339 is two years. Plaintiffs filed their complaint February 28th, 2020 over two years from when the alleged breach occurred. Therefore, by law this complaint is barred.

Moreover, as a matter of law Plaintiffs alleged oral contract is not enforceable. According to Cal.Civ. Code 1624 (a) a contract that its terms may not be completed within a year must be in writing to be enforceable. The supposed oral contract alleged in Plaintiffs general facts cannot possibly be performed within a year, in fact it appears that according to Plaintiff the "oral contract" called for a life time commitment. For example, page 8 ¶27 of the complaint, "Manor (as well as Defendant 2 and 3 or anybody on his behalf) is not allowed to open a locksmith company, nor advertise for locksmith services, in San Francisco CA and in San Jose, CA." Such an agreement even if existed, must be in writing to be considered.

Moreover, such non-compete agreement are not enforceable in California. According to California Business and Professional Code §16600 every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.

Plaintiffs clearly failed to plead facts to support a cause of action for a breach of contract and even if Plaintiffs are allowed to amend their complaint, by law their cause of action for a breach of contract fails. Therefore, this court should dismiss Plaintiffs cause of action for breach of contract without leave to amend.

-14-

1

**2.  Plaintiff failed to plead facts that give raise to a cause of action for Fraud**

2

According to F.R.C.P 9(b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or

3

mistake, a party must state with particularity the circumstances constituting fraud or

4

mistake. Plaintiffs' cause of action for Fraud is void of any particularity. Plaintiffs' cause of action

5

for fraud is outlined on Page 18 through 19 of Plaintiffs' complaint ¶¶ 85-88. It is void of any facts

6

and clearly it is not pleaded with any particularity as required by statue, both according to Federal

7

Rules of Civil Procedure and California civil procedures rules. The California Supreme Court

8

stated this requirement quite succinctly in Lazar v Superior Court, 12 Cal. 4th 631, 645, when it

9

held, "In California, fraud must be pled specifically, general and conclusory allegations do not

10

suffice. [Extensive citations omitted]."

11

12

**3.  Plaintiff Failed to plead facts that give raise to a cause of action for unjust enrichment**

13

The plaintiff is obligated to provide "more than labels and conclusions, and a formulaic

14

recitation of the elements of a cause of action will not do." See Bell Atlantic Corp. v. Twombly, __

15

U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a

16

motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual

17

allegation")).

18

Plaintiffs' cause of action for unjust enrichment is void of any facts that give raise to this cause

19

of action. Plaintiffs' cause of action for unjust enrichment is outlined on Page 19 of the complaint

20

¶ 89-92. The allegations in support of this cause of actions are merely labels and conclusions and a

21

formulation of the elements of a cause of action and therefore, this cause of action must be

22

dismissed.

23

24

**4.  Plaintiff failed to plead facts that give raise to a cause of action for Negligence**

25

Plaintiffs' cause of action for negligence is pleaded on page 19 of the complaint ¶¶ 93-96.

26

It is absent of any facts too support this cause of action and instead has general summary

27

28

-15-

statements. The allegations in support of this cause of actions are merely labels and conclusions and a formulation of the elements of a cause of action and therefore, this cause of action must be dismissed.

In California, a Court must presume that the Plaintiff has made their case as favorably as permitted by the facts plead. Vavoni v. Western Airlines, 247 CA2d 793 (1967). If a fact necessary to the complainants cause of action is not set forth and alleged in the complaint, it must be taken as having no existence. Melikian v. Truck Ins. Exchange, 133 CA2d 113, 115 (1955).

Even a close review of the complaint demonstrates that the facts that were pleaded cannot possibly support a cause of action for negligence. Therefore, this court should dismiss this cause of action without leave to amend.

5. **Plaintiff failed to plead facts that give raise to a cause of action for breach of the covenant of good faith and fair dealings**

Plaintiffs' cause of action for breach of the covenant of good faith and fair dealings is pleaded on page 19 of the complaint ¶¶ 93-96. It is absent of any facts too support this cause of action and instead has general summary statements. The allegations in support of this cause of actions are merely labels and conclusions and a formulation of the elements of a cause of action and therefore, this cause of action must be dismissed.

Moreover, in order to state facts sufficient to constitute such a cause of action there must be a clearly and readily identifiable enforceable contract. As shown by the Points and Authorities stated with regards to the First Cause of Action, above, which are incorporated herein by reference, plaintiff has utterly failed to state facts sufficient to show that an enforceable contract ever existed between the Defendants and Plaintiff.

6. **Plaintiff failed to plead facts that give raise to a cause of action for False Promise**

-16-

Plaintiffs' cause of action for False Promise is outlined on Page 20 of Plaintiffs' complaint ¶¶ 105-112. According to F.R.C.P 9(b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Plaintiffs' cause of action for False Promise (Fraud) is void of any particularity. It is void of any facts and clearly it is not pleaded with any particularity as required by statue, both according to Federal Rules of Civil Procedure and California civil procedures rules. The California Supreme Court stated this requirement quite succinctly in Lazar v Superior Court, 12 Cal. 4th 631, 645, when it held, "In California, fraud must be pled specifically, general and conclusory allegations do not suffice. [Extensive citations omitted]."

## 7. **Plaintiff failed to plead facts that give raise to a cause of action for Infliction of Emotional Distress**

The plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

Plaintiffs' cause of action for Infliction of Emotional distress is outlined on page 20 of the complaint ¶113-115. It is void of any facts. The allegations in support of this cause of actions are merely labels and conclusions and a formulation of the elements of a cause of action and therefore, this cause of action must be dismissed.

In California, a Court must presume that the Plaintiff has made their case as favorably as permitted by the facts plead. Vavoni v. Western Airlines, 247 CA2d 793 (1967). If a fact necessary to the complainants cause of action is not set forth and alleged in the complaint, it must be taken as having no existence. Melikian v. Truck Ins. Exchange, 133 CA2d 113, 115 (1955).

1    Even a close review of the complaint demonstrates that the facts that were pleaded cannot

2    possibly support a cause of action for Infliction of Emotional Distress. Therefore, this court should

3    dismiss this cause of action without leave to amend.

4
     **8. Plaintiff failed to plead facts for Trademark Infringement and Unfair Competition**
5
6        Plaintiffs' cause of action for Trademark infringement is outlined on Page 21-22 of the

7    complaint paragraph ¶¶116-122. It is void of any facts to support this cause of action. The plaintiff

8    is obligated to provide "more than labels and conclusions, and a formulaic recitation of the

9    elements of a cause of action will not do." See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.

10   Ct. 1955, 1964-65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to

11   dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual

12   allegation")).
13
14       ¶¶116-122 of the complaint is nothing more than a list of statues and case law, void of any

15   facts and/or allegations to support a claim for a trademark infringement.

16     In California, a Court must presume that the Plaintiff has made their case as favorably as

17   permitted by the facts plead. Vavoni v. Western Airlines, 247 CA2d 793 (1967). If a fact necessary

18   to the complainants cause of action is not set forth and alleged in the complaint, it must be taken as

19   having no existence. Melikian v. Truck Ins. Exchange, 133 CA2d 113, 115 (1955).
20
21       As discussed previously, even if Plaintiffs will be allowed to amend their complaint, the

22   facts that Plaintiff has already alleged in the complaint cannot possibly as a matter of law support a

23   cause of action for a claim for trademark infringement and/or unfair competition. Therefore, this

24   court should dismiss this cause of action without leave to amend.

25     **9. Plaintiff failed to plead facts that give raise to a cause of action for Trade secret**

26        **misappropriation/ Infringement**

27
28
                                                    -18-

Plaintiffs' cause of action for Trademark secret misappropriation/ infringement is outlined on Page 22-23 of the complaint paragraph ¶¶123-126 of the complaint. It is void of any facts to support this cause of action. The plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

In California, a Court must presume that the Plaintiff has made their case as favorably as permitted by the facts plead. Vavoni v. Western Airlines, 247 CA2d 793 (1967). If a fact necessary to the complainants cause of action is not set forth and alleged in the complaint, it must be taken as having no existence. Melikian v. Truck Ins. Exchange, 133 CA2d 113, 115 (1955).

As discussed previouly, even if Plaintiffs will be allowed to amend their complaint, the facts that Plaintiff has already alleged in the complaint cannot possibly as a matter of law support a cause of action for a claim for trademark infringement and/or unfair competition. Therefore, this court should dismiss this cause of action without leave to amend.

## 10. **Plaintiff failed to plead facts that give raise to a cause of action for Interference with contractual relationships**

Plaintiffs' cause of action for Interference with contractual relationships is outlined on Page 23 of the complaint paragraph ¶¶127-133 of the complaint. This cause of action is so unintelligibly written that it is impossible to ascertain against which defendants this cause of action is alleged. It also contradicts everything that was alleged in the first 18 pages of the complaint.

As discussed previouly, even if Plaintiffs will be allowed to amend their complaint, the facts that Plaintiff has already alleged in the complaint cannot possibly as a matter of law support a cause of action for a claim for interference with a contractual relationship, as there must first be an

1  enforceable contract. As demonstrated, by law there was no enforceable contract. Therefore, this

2  court should dismiss this cause of action without leave to amend.

3                                    **11. CONCLUSION**

4      It is clear from the way that this complaint was written that the only reason for this

5  complaint is to inappropriately use the judicial system into scaring the Defendants to stop their

6

7  business operation in the Bay Area. Plaintiffs do not have any cause of action against Defendants.

8  Plaintiffs do not have a cause of action for trademark infringement. There is no diversity of

9  citizenship. There is no enforceable contract. This case should be dismissed with prejudice without

10  leave to amend and Defendants should be awarded the cost they incurred to date in defending this

11  frivolous action.

12

13  DATED April 6th, 2020

14

15                              By: _____
                                    Sarit-Simhayoff-Cohen
16                                  Attorney for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

-20-