SARIT SIMHAYOFF-COHEN (SBN 231555)
ATTORNEY AT LAW
36 COTTONWOOD DRIVE
SAN RAFAEL, CA 94901
Telephone 415-407-4197
Email:saritsimayof@gmail.com

Attorney for Defendants Menahem Shalit (AKA Manor Shalit), Yosef Weintraub, Aharon Weintraub, Joe & The Lock Inc., a California Corporation, King Key Locksmith San Francisco, Inc., Lockstar Locksmith San Francisco Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| LOCKSMITH EMERGENCY SOLUTIONS INC. et. al<br><br>Plaintiffs,<br><br>vs.<br><br>MENAHEM SHALIT et. al.<br><br>Defendants | Case No.: 3:20-CV-01518-LB<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFFS' COMPLAINT PURSUANT TO RULES 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: May 14th, 2020<br>Time: 9:30AM<br>Dept: Courtroom B, 15th Floor<br>Judge: Hon. Judge Laurel Beeler |

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Thursday, May 14th, 2020 at 9:30am, or as soon after as the matter may be heard before Honorable Judge Laurel Beeler, in Courtroom B, 15th Floor of the above-entitled Court located at 450 Golden Gate Ave, San Francisco CA Defendants, Menahem Shalit (AKA Manor Shalit), Yosef Weintraub, Aharon Weintraub, Joe & The Lock Inc., a California Corporation, King Key Locksmith San Francisco, Inc. and Lockstar Locksmith San Francisco Inc., collectively referred to in here as "Defendants" will and hereby move the court to

strike portions of Plaintiffs' complaint pursuant to Rules 12(f) of the Federal Rules of Civil Procedure.

This motion to strike is made pursuant to Federal Rules of Civil Procedure 12(f) on the grounds that some of the alleged facts made in Plaintiffs complaint are redundant, immaterial, impertinent, and scandalous. The motion to strike is based upon this Notice, the supporting Memorandum of Points and Authorities filed concurrently herewith, the complete files and records in this action, declarations and exhibits, the oral argument of counsel, if any, and such other and further evidence the Court might deem proper.

Respectfully Submitted,

DATED: April 6th, 2020

By: _____
Sarit Simhayoff-Cohen
Attorney for Defendants

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Are the alleged facts pleaded on page 2 through 18 of the complaint improperly pled under Rule 12(f)?

2. Should the court strike specific allegations where the issues will require the expenditure of time and money on settled issues of law and irrelevant issues of fact?

-2-
Notice of Motion and Motion to Strike

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Cal. Dept. of Toxic Substance Control v. ALCO Pacific, Inc., 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." Id. Scandalous material "casts a cruelly derogatory light on a party or other person." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. Cal. Dept. of Toxic Substances Control, 217 F. Supp. at 1028.

The purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sydney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

While motions to strike may be viewed with disfavor because they are often used as a "dilatory tactic," Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001), where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay," Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

### I. ARGUMENT

**A. This court should strike page 2-18 ¶¶2-78 of the Complaint**

Page 2 through page 18 of the complaint are written so unintelligently that it is impossible to ascertain what are the allegations and who they are alleged against. These paragraphs are so chaotically written, they are redundant, they list names of individuals that are not a party to this action, they are immaterial and leave any reasonable person in a state of shock trying to figure out what are Plaintiffs complaint about and how do they think that they have any viable causes of action. The issues raised by these paragraphs are spurious and must be dispensed of prior to continuing litigating a frivolous complaint. Therefore, all these paragraphs should be stricken.

In the alternative this court should stricken the below paragraphs from the complaint.

**B. This court should strike paragraph 5 pg 4 of the complaint**

"Further for this reason, sometimes in this complaint when referring to the name "Manor" it means all other defendants who were working or acting on his behalf…" Defendants cannot reasonably be expected to guess when Plaintiffs are referring to individual defendant Manor and when Plaintiffs are referring to all the Defendants or some of the defendants. This paragraph should be stricken.

**C. This court should strike paragraph 14 line 14-17 pg 6 of the complaint**

"The reason for registering these two corporations on people trusted by Manor, as Manor requested, was that Manor "had no paper" in the US …" This statement does not pertain and is not necessary to the issues in question. This statement is scandalous and prejudicial and therefore should be stricken.

**D. This court should strike paragraph 15 line 18-25 pg 6 of the complaint**

"Manor told Amar that these are people close to him because Yosef (Defendant 2) is his officially registered husband, and close friend since their army services together in Israel, and that although the marriage between Manor and Yosef is for the purpose of a Green Card only…." This statement does not pertain and is not necessary to the issues in question. This

statement is scandalous and prejudicial. Plaintiffs do not have a standing to sue Defendants for their immigrations status. These statements are made only to inflame without any probative value and therefore should be stricken.

E. **This court should strike paragraph 17 line 3-8 pg 7**

"That is except in the case of Yosef (Defendant 2) Manor told Amar that Yosef is receiving some ownership of that business, out of Manor's share, in return for Yosef agreeing to help Manor get a Green Card by the process of marriage." This statement does not pertain and is not necessary to the issues in question. This statement is scandalous and prejudicial. Plaintiffs do not have a standing to sue Defendants for their immigrations status. These statements are made only to inflame without any probative value and therefore should be stricken.

F. **This court should strike paragraph 46 line 15-21  pg 12 and Paragraph 49 line 10**

"Manor also made sure to perform, in the beginning, the side agreement he had with the broker of the Agreement, named Idan. That side agreement was that the Manor managed companies (mainly here, Defendant 5 and 6) will direct all the jobs coming in from San Francisco county to Idan." Plaintiffs statements in those paragraphs do not pertain and are not necessary to the issues in question. Idan is not a party to this lawsuit and he is not suing Defendants. Plaintiffs have no standing to allege anything on Idan's behalf.

## II. CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant Defendants' motion and strike from Plaintiffs' complaint ¶¶2-77 page 2 through 18, or in the alternative strike the specific paragraphs listed above.

DATED: April 6th, 2020

By: _____,
Sarit Simhayoff-Cohen
Attorney for Defendants